UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23358-CIV-MOORE/SIMONTON

MARISSA FEIG,

      Plaintiff,

v.

THE APPLE ORGANIZATION, INC.,

      Defendant.

_____/

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL

      Presently pending before the Court is Defendant's Motion to Compel More

Complete Discovery Responses (DE # 21).[1]  Plaintiff filed a response (DE # 19) and a

hearing on the motion was held before the undersigned Magistrate Judge on May 12,

2009.  All pretrial discovery matters are referred to the undersigned Magistrate Judge

(DE # 4).  Based upon a careful review of the record and for the reasons stated herein,

Defendant's motion is GRANTED IN PART AND DENIED IN PART.

     I.     BACKGROUND

      According to the Complaint, Plaintiff, Melissa Feig, began working for Defendant,

the Apple Organization, Inc., on February 14, 2007; and, she became pregnant in

November 2007.  Plaintiff alleges that she was fired on January 17, 2008, one day after

she disclosed her pregnancy to her employer; and, she was told by Defendant's CEO

---

[1]  Though this motion was originally filed on May 1, 2009, that motion was sealed based upon this Court's Order granting Defendant's Unopposed Motion to Withdraw an exhibit to the motion that was inadvertently filed in the public record even though it contained Plaintiff's social security number and home address.  Pursuant to that Order, Defendant re-filed the instant motion to compel on May 12, 2009, though it is deemed filed on May 1, 2009, the date of its original filing (DE # 16).

that she was fired based on her complaints that the CFO made inappropriate comments to another female co-worker and her request that the email spam filter be improved to eliminate sexually-explicit spam emails at work.

Plaintiff subsequently filed this lawsuit, alleging that Defendant discriminated against her on account of her sex (owing to the fact of her pregnancy), in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, as well as the Florida Civil Rights Act of 1993 ("FCRA"), Fla. Stat. § 760.10 (Counts I and III); that Defendant retaliated against her for making complaints regarding sexual harassment in the workplace without taking curative measures, in violation of Title VII and the FCRA (Counts II and IV); and, that Defendant interfered with her ability to exercise her right to a medical leave of absence, in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.* (Count V).  Plaintiff alleges that these acts caused her to suffer pecuniary losses, as well as emotional distress (DE # 1).

II.    THE INSTANT MOTION

Defendant filed the instant motion, in which it asserts that three of Plaintiff's discovery responses are deficient; and, in which it seeks better responses to two of its requests for production and one of its interrogatories.  The undersigned concludes that Plaintiff is required to supplement her discovery responses, as set forth in detail below.

A.    The Parties' Positions

The discovery requests at issue all relate to Defendant's efforts to obtain information regarding Plaintiff's physical, mental, emotional and psychological condition.

2

Thus, in RFP No. 19, Defendant sought:

All documents concerning in any way Plaintiff's physical, emotional, or
psychological condition since January 1, 2000, or prior to that date if the
condition is related to any disability or pre-existing condition relevant to
this case, including but not limited to, hospital records, doctor's reports,
records of treatment and an executed form releasing such medical
information to the undersigned law firm for the limited purpose of use in
this action

(DE # 16 at 3).

Similarly, in RFP No. 20, Defendant sought:

All documents or other information relating to correspondence,
consultation, communication or treatment that Plaintiff, or any individual
acting on [her] behalf, has had with any physician, psychologist,
psychiatrist, therapist, counsel, or other physical or mental health care
provider, regarding any mental or physical problems that Plaintiff claims
are relating to any of the allegations in Plaintiff's Complaint

(DE # 16 at 3).

And, finally, in Interrogatory No. 8, Defendant asked Plaintiff to:

[s]tate whether [she] sought medical, psychological, psychiatric, or other
treatment since January 1, 1999, and, if so, [to] describe the treatment,
state the dates on which treatment was received, . . . the name and address
of the practitioner who provided the treatment . . . and, if any, the total
amount of money the Plaintiff has spent on these treatments

(DE # 16 at 4).

At the May 12, 2009 hearing, the parties provided additional context for the

present motion and clarified the matters in dispute:  There is no dispute that Plaintiff

signed an authorization form allowing the release of her medical records to Defendant;

and, Defendant does not contend that Plaintiff has refused to turn over documents in her

possession that are responsive to RFPs No. 19 and 20.

Rather, Defendant insists that Plaintiff's response to Interrogatory 8 must be

incomplete; and, that her purported inability to remember the names of her doctors

makes it impossible to know how to obtain her medical records and therefore renders the authorization form effectively worthless. Defendant therefore seeks the identity and contact information relating to two categories of doctors for the purpose of serving them with subpoenas to obtain Plaintiff's medical records that she could not provide in response to RFP Nos. 19 and 20.

The first category of doctors are those who have provided psychological treatment to Plaintiff after her previous physician, Dr. Morris, left the practice of medicine in 2001. There is no dispute that Plaintiff continued to be prescribed Lexapro at least until 2007, when she mentioned it in her employment records. As Plaintiff's counsel clarified at the hearing, Plaintiff continued to visit another doctor in the same medical group as Dr. Morris, but she cannot remember the name of the group or the name of the doctor. Defendant claims that Plaintiff must provide the name of the doctor or doctors who provided psychological care to her between 2001 and the present.

The second category of doctors are those that have provided obstetric and gynecological treatment to Plaintiff as a result of her pregnancy. As Defendant explained at the hearing, Plaintiff stated at her deposition that she could find the names of three of these doctors by reviewing her paperwork at home, but that Plaintiff never provided their names and now claims that she is not able to find them at all.

In her response, Plaintiff asserts, in effect, that the Court cannot compel her to remember information that she is simply unable to recall. At the hearing, her counsel noted that Plaintiff has provided the identity and contact information for all of her doctors except the name of the doctor that prescribed her Lexapro between 2001 and 2007; that Plaintiff has "taken steps," including looking through various documents, in an effort to jog her memory; and, that the parties did not discuss the matter of the

4

obstetricians and gynecologists until Defendant raised it in its motion to compel.

    III.    <u>ANALYSIS</u>

    The undersigned finds at the outset that the information sought by Defendant is clearly relevant to this lawsuit; and, Plaintiff has waived any possible objections by failing to assert them.

    Following a review of the record as a whole, including consideration of the parties' arguments on the record at the May 12, 2009 hearing, the undersigned concludes that Defendant is entitled to know the identity and contact information for the doctors who have provided treatment to Plaintiff; and, that Plaintiff is uniquely positioned to provide this information, which Defendant cannot obtain through other means.

    It is not sufficient for Plaintiff to simply state that her memory has failed her without making a reasonable effort to find the requested information based on materials that are available to her. *See NLRB v. Rockwell Standard Corp., Transmission and Axle Div., Forge Div.*, 410 F.2d 953, 958 (6th Cir. 1969) ("[U]nder the Federal Rules a party cannot avoid giving an answer to an interrogatory by an allegation of ignorance if the party can obtain the information from sources under its control."). Assuming that Plaintiff is genuinely unable to recall the names of these doctors, the present record does not reflect whether Plaintiff has taken reasonable steps at her disposal to find this information. *See Transcontinental Fertilizer Co. v. Samsung Co.*, 108 F.R.D. 650, 652-53 (E.D. Pa. 1985) ("If a party cannot furnish discovery requests, it should . . . state the reasons for its inability to do so together with the efforts used in attempting to obtain the information. . . . [A] sworn answer indicating a lack of knowledge and no means of obtaining the requested information is necessary."). Moreover, Plaintiff is subject to an

ongoing obligation to timely supplement her response to any RFP or interrogatory if she "learns that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26(e).

Finally, although both parties have requested an award of attorneys' fees and costs in connection with this motion, the undersigned concludes that the payment of expenses is not justified at the present juncture because the parties' positions were substantially justified and because such an award would be unjust under the circumstances of the case as a whole.  It is, accordingly,

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel (DE # 21) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1.      On or before May 18, 2009, Plaintiff shall provide complete a complete response to Interrogatory No. 8, which lists the contact information for any doctor that has provided treatment to her between 2001 and the present, including their names, addresses, dates of treatment and, if applicable, the name of their practice groups.

2.      On or before May 18, 2009, if Plaintiff is unable to recall the information required to provide a complete response to the interrogatory, she must file an Affidavit under oath that clearly states that she is not able to do so; and, describes in detail the efforts that Plaintiff has made to recall the information necessary to provide a complete response.  In order to discharge her discovery obligations, Plaintiff must conduct a diligent inquiry including, for example, (a) physically going to the location where she consulted with any doctors for the purpose of finding the names of those doctors, as well as any contact information and the name of their practice groups, if applicable; (b) contacting her insurance carriers for the purpose of requesting them to provide the

6

names of any doctors she visited between 2001 and the present, as well as their contact information, including the name of the practice groups, if applicable; and (c) contacting the pharmacies Plaintiff used to fill any prescriptions between 2001 and the present, in an effort to learn the relevant information, or if this information is not readily available from the pharmacies, providing a list of the pharmacies to Defendant, including the relevant dates that she visited the pharmacies, as well as any additional authorizations necessary for those pharmacies to release her medical information to Defendant.

3.    Plaintiff shall timely supplement or correct any discovery disclosure or response that is incomplete or incorrect, in accordance with Federal Rule of Civil Procedure 26(e).

4.    Defendant's motion to compel better responses to RFP Nos. 19-20 is **DENIED**, subject to Plaintiff's duty to timely supplement her disclosures upon discovering additional responsive materials, based on Plaintiff's representation that she has produced all responsive documents within her possession custody or control.

5.    The parties' respective requests for awards of attorneys' expenses in connection with the present motion are **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida on May 13, 2009.

_Andrea M. Simonton_
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
The Honorable K. Michael Moore,
       United States District Judge
All counsel of record

7